T.C. Summary Opinion 2002-131

UNITED STATES TAX COURT

KARL V. MEIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5212-01S.                    Filed October 8, 2002.

Karl V. Meier, pro se.

<u>Frank W. Louis</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1999 Federal income tax in the amount of $3,376.  This Court must decide:  (1) Whether petitioner is entitled to dependency exemption deductions for his two children; (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to the earned income credit.

Some of the facts in this case have been stipulated and are so found.  Petitioner resided in Hobart, New York, at the time he filed his petition.

During 1999, Karl V. Meier (petitioner) was employed as a cook.  He reported wages of $7,875 on his 1999 Federal income tax return.

Petitioner has two children, Kaislyn Meier (Kaislyn) and Naleah Meier (Naleah), with his former wife Nancy Meier (Ms. Meier).

On September 7, 1999, petitioner was divorced from Ms. Meier, by a judgment of divorce from the Supreme Court of the State of New York, County of Delaware (divorce decree).  A proceeding was held in connection with the divorce and the proceeding was incorporated into the divorce decree.  The divorce decree provided that:  "The parties have agreed to joint physical custody" of the children.  The custody arrangement generally provided that petitioner and Ms. Meier would alternate custody of both children on a weekly basis.  Special arrangements were

provided for certain holidays, birthdays, and vacations.  The custody arrangement also provided that petitioner and Ms. Meier agreed to waive paying each other child support.

On his 1999 Federal income tax return, petitioner claimed Kaislyn and Naleah as dependents.  Petitioner filed as head of household for the taxable year 1999.  He also claimed both children for purposes of the earned income credit.

Respondent determined that for the taxable year 1999 petitioner was not entitled to claim Kaislyn and Naleah as dependents, that his filing status was single rather than head of household, and that he was not entitled to the earned income credit.

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  Section 7491 does not apply in this case to place the burden of proof on respondent because petitioner neither alleged that section 7491 was applicable nor established that he fully complied with the substantiation requirements of section 7491(a)(2)(A).

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Section 152(a) provides, in pertinent part, that a dependent includes an individual, such as a son or daughter, over one-half of whose support in the taxable year was from the taxpayer or is

treated as received from the taxpayer under section 152(e).

Section 152(e) provides special rules for a child whose parents are either divorced or who live apart at all times for the last 6 months of the calendar year. In those situations, the statute provides that if a child receives over one-half of his or her support from his or her parents, and if the child is in the custody of one or both of his or her parents for more than one-half of the calendar year, then the child is treated for purposes of section 152(a) as receiving over one-half of his or her support during the year from the parent having custody for a greater portion of the calendar year. Sec. 152(e)(1). As is relevant here, "custody" is determined by the terms of the most recent decree of divorce or separate maintenance agreement, or subsequent custody decree. Sec. 1.152-4(b), Income Tax Regs. In the event of so-called "split" custody, "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year. Sec. 1.152-4(b), Income Tax Regs.

Petitioner and Ms. Meier generally followed the divorce decree and split equally the custody of the two children. There is no question but that petitioner and Ms. Meier provided 100 percent of the support of the two children. However, petitioner repeatedly was asked by Ms. Meier to keep the children beyond the allotted time so that he had custody during periods Ms. Meier

should have had custody. He was asked to care for the children when doctor or dentist appointments were required or when they were sick during periods when they should have been in the custody of Ms. Meier. In essence, petitioner had custody for the weeks he was to have custody under the decree, plus he had custody of the children for some of the weeks Ms. Meier was supposed to take care of them. We are convinced on this record that petitioner had custody of the children for the greater portion of 1999. Under section 152(e) and section 1.152-4(b), Income Tax Regs., the children are treated as having received over one-half of their support from petitioner. Accordingly, we hold that petitioner is entitled under sections 151(a) and 152(e) to claim Kaislyn and Naleah as dependents for 1999.

We next consider whether petitioner is entitled to head of household filing status for 1999. Respondent determined that petitioner's proper filing status for the taxable year at issue is single.

Section 2(b), in relevant part, defines head of household as an unmarried taxpayer who maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode of a person who is an unmarried son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i). We have found that petitioner had physical custody of Kaislyn and Naleah for the greater portion of 1999. Accordingly, we hold that

petitioner is entitled to head of household filing status for the taxable year in issue.

Finally, we must consider whether petitioner may claim an earned income credit under section 32(a)(1) in the amount of $3,250 for 1999. Respondent disallowed the earned income credit on the basis that the two children did not reside with petitioner for more than one-half of 1999. As we have found above, the children resided with petitioner for more than one-half of 1999. Accordingly, we hold that petitioner is entitled to the claimed earned income credit under section 32(a).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioner</u>.